By the Court.—Sedgwick, J.
The demurrer to the complaint is on the ground that the complaint has improperly the first cause of action stated in it with the fifth cause of action alleged in it.
The first cause of action stated that the plaintiff and the defendant made an agreement "by which the one hired and the other let certain rooms in a house; that in such agreement the defendant agreed that the plaintiff should peaceably and quietly occupy and enjoy the premises for the time specified, and that the plaintiff should have and enjoy certain privileges connected with the use of the premises, but that the plaintiff had not been permitted to occupy and enjoy the possession of the premises, or to have and enjoy the specified privileges ; and that the defendant had shut and barred the entrance to the house in which the rooms were, and had kept it shut and barred, thereby depriving the plaintiff of the use of the rooms, and compelling him to remain upon the street, and that the plaintiff, in order to enter his rooms and protect his family from the assaults of defendant and his agents, was obliged to force his entrance into said house, etc., to the damage of the plaintiff.
The cause of action, thus stated, was for damage for the breach of a contract.
The 167 section of the Code requires that to join other causes of action with the one stated, all should arise out of the same transaction or transactions connected with the same subject of action (subd. 1) or out of contract (subd. 2).
The fifth cause of action states that when the plaintiff had made frequent applications to defendant to secure admission to his said apartments and be permitted to obtain his wearing apparel, and defendant' had persisted in refusing the same, plaintiff was compelled to institute legal proceedings for the possession of his said property, and call to his aid the sheriff of the bounty; *149 that defendant, in order to get possession of said wearing apparel, and remove the same, did, during the said forced absence of the plaintiff, obtain an entrance to said apartments, and did break a lock securing a.trunk containing plaintiff’s property, and did wilfully, maliciously, and feloniously, take and remove said goods from said apartments as aforesaid, to the damage of the plain-in the sum of five hundred dollars.
Thiá is in effect stated in the complaint to contain in itself a cause of action on which the plaintiff relies. The 167 section requires that causes of action united in a complaint must be separately stated, and the complaint calls it a fifth cause of action.
There is no reference to the statements of other causes of action, or to the other parts of the complaint, except in the words “said apartments,” which is nothing but .an identification of the place in which the acts were alleged to be done. The section of the Code in relation to stating separately the causes of action contained the substance of the former rule in respect of different counts in a declaration. “But unless the second count ■“ expressly refers to the first, no defect therein will be “aided by the preceding count, for though both counts 16 6 are in the same declaration, yet they are for all purposes as distinct as if they were in separate declarations, and consequently they must independently contain all necessary allegations, or the latter count must “ expressly refer to the former.” .
The fifth cause of action states only a tort. We cannot suppose that the pleader means to treat this tort as a breach of the contract set out in the first cause of action, because there is nothing whatever in the fifth cause of action that connects the two. In addition to this, the peculiar mode of allegation negatives the idea that in the fifth count the plaintiff relied on a breach of contract, and shows that he relied on a wilful and malicious injury by the defendant.
*150 The joinder cannot "be sustained on the ground that the causes of action arose out of the same transaction or transactions connected with the same subject of action. ¡Necessarily the statement of another cause of action.in a complaint implies that the pleader is proceeding tosíate a different set of facts from those already stated. Therefore, unless there is something to expressly show to the contrary, it must be deemed that a new cause of action states another transaction than that already set out. The contrary may appear by such a statement of facts, that a comparison of it with what has already been stated will show the two to be parts of a transaction, or there must be an express reference to a former statement of a cause of action. In the present complaint there is neither. The transaction of the fifth cause of action does not on its face appear even to have occurred on the same day or days when the other acts set out in the other alleged causes of action are averred to have been done-
To me it seems that there is an attempt to join a cause of action on contract with a cause of action for tort, without the causes of action being parts of one transaction.
The judgment overruling the demurrer should be reversed, and judgment ordered for the defendant on the demurrer, with costs, with leave to plaintiff to amend the complaint within twenty days, on payment of costs.
Freedman, J., concurred.